# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COX, an Individual,<br><br>            Plaintiff,<br><br>       v.<br><br>MARIPOSA COUNTY; MARIPOSA COUNTY SHERIFF'S OFFICE; SHERIFF DEPUTY WILLIAM ATKINSON; SHERIFF DEPUTY WESLEY SMITH; ASHLEY HARRIS; CALIFORNIA RECEIVERSHIP GROUP ("CRG") AND MARK ADAMS IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND DOES 1 THROUGH 100, INCLUSIVE.<br><br>            Defendants. | CASE NO. 1:19-CV-01105-AWI-BAM<br><br>**ORDER DENYING MOTION FOR ABSTENTION AND STAY BY DEFENDANTS MARIPOSA COUNTY, MARIPOSA COUNTY SHERIFF'S OFFICE, SHERIFF DEPUTY WILLIAM ATKINSON AND SHERIFF DEPUTY WESLEY SMITH**<br><br>(Doc. No. 47) |

Defendants Mariposa County, Mariposa County Sherriff's Office, Sheriff Deputy William Atkinson and Sheriff Deputy Wesley Smith ("County Defendants") contend in the motion at bar that, under the *Younger* abstention doctrine or, alternatively, the *Colorado River* doctrine, the Court should stay Plaintiff Jerry Cox's claims against them in this action while *County of Mariposa v. JDC Land Company, LLC, et al.*, Case No. 10887 (Mariposa Cty. Sup. Ct.) ("State Court Action") is pending. Doc. No. 47-1.[1]

---

[1] The docket in this case is a mess because, in many cases, records have not been filed correctly. Most important, documents filed in support of memoranda, such as declarations and requests for judicial notice, must be standalone docket entries, filed separately from the memoranda they support, and exhibits to such documents must be filed as attachments, not as standalone docket entries. For example, if a request for judicial notice referencing three exhibits were filed as Doc. No. 30, the first exhibit to that request for judicial notice would be filed as Doc. No. 30-1; the second exhibit would be filed as Doc. No. 30-2; and the third exhibit would be filed as Doc. No. 30-3. The exhibits

1    The State Court Action[2] arose from an October 14, 2016 property inspection in which Mariposa County supposedly found more than 100 "substandard, dangerous and illegal conditions" on a several-hundred-acre parcel (the "Property") that Cox once owned through JDC Land Company, LLC ("JDC"). Doc. No. 47-1, Part II. Cox argues that the State Court Action has effectively come to an end because the Mariposa Superior Court has confirmed the sale of the Property. Doc. No. 69 at 3:16-22.[3] The County Defendants argue that the State Court Action has not ended because the state court had not discharged the receiver appointed to oversee the Property and Cox's petition to the California Supreme Court challenging appointment of the receiver had not been decided at the time this motion was briefed. Doc. No. 98 at 3:10-20.

   While this information was not furnished to the Court by the County Defendants, the Court takes judicial notice of the California Supreme Court docket for *County of Mariposa v. JDC Land Company*, Case No. S264800 showing that Cox's petition for review to the California Supreme Court was denied on December 9, 2020.[4] Further, it appears from the record in this case that the hearing on discharge of the receiver in the State Court Action was likely to take place in the first few months of 2021. Doc. No. 98 at 3:11-14. County Defendants have not provided the Court with updated information on that issue either and the Mariposa Superior Court docket for the State Court Action is not readily available to the Court, but the Court sees no reason to believe that the receiver has not been discharged at this point. See Doc. No. 84 (stating that the Mariposa Superior Court twice denied Cox leave to bring claims against the receiver).

   Finally, the County Defendants claim, on reply, that they have non-receivership causes of

---

must not be filed as Doc. No. 31, Doc. No. 32, and Doc. No. 33. Docket Numbers 72-83 and (even worse) Docket Numbers 85-92 in the electronic docket for this case are particularly vivid illustrations of improper and confusing filing practices employed thus far. This is the second time the Court has had to address this issue, see Doc. No. 44 at 2 n.3, and counsel for all parties are hereby put on notice that, henceforth, the Court may disregard filings that do not comply with the foregoing protocol.

[2] The Court grants County Defendants' request for judicial notice of various records relating to the State Court Action. Doc. Nos. 48, 101; see Fed. R. Civ. Pro. 201(b)(2); Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (stating that federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court did not make use of documents referenced in Cox's request for judicial notice in deciding this motion, see Doc. No. 72, so Cox's request for judicial notice is denied. See Neylon v. County of Inyo, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) (Ishii, J.).

[3] Unless otherwise indicated, page citations to documents filed electronically with the Court are to the page number in the CM/ECF stamp at the top of each page.

[4] See Fed. R. Civ. Pro. 201(b)(2); Trigueros, 658 F.3d at 987.

action to litigate against JDC in the State Court Action. Doc. No. 98 at 3:14-15. The County Defendants make no showing at all, however, as to what those claims are, what their status is or how they supposedly bear on this case.

Both the *Younger* doctrine and the *Colorado River* doctrine presuppose a parallel proceeding of some sort in state court. See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (stating that, in civil cases, "*Younger* abstention is appropriate only when the state proceedings … are ongoing"); Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (stating that under *Colorado River*, "considerations of wise judicial administration … may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter").

The County Defendants have not satisfied the Court that there is a "concurrent state court proceeding involving the same matter" as this case, see Holder, 305 F.3d at 867, and the Court will deny the motion on those grounds.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for abstention and stay brought by Defendants Mariposa County, Mariposa County Sheriff's Office, Sheriff Deputy William Atkinson, and Sheriff Deputy Wesley Smith (Doc. No. 47) is DENIED; and

2. All counsel appearing in this case will follow the filing protocol set forth in footnote 1 to this order.

IT IS SO ORDERED.

Dated:  August 23, 2021                                        _____
                                                                                SENIOR DISTRICT JUDGE