**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY COX, an Individual,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MARIPOSA COUNTY; MARIPOSA COUNTY SHERIFF'S OFFICE; SHERIFF DEPUTY WILLIAM ATKINSON; SHERIFF DEPUTY WESLEY SMITH; ASHLEY HARRIS; CALIFORNIA RECEIVERSHIP GROUP ("CRG") AND MARK ADAMS IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND DOES 1 THROUGH 100, INCLUSIVE.<br><br>　　　　　　　Defendants. | CASE NO. 1:19-CV-01105-AWI-BAM<br><br>**ORDER DENYING COUNTY DEFENDANTS' MOTION TO RECONSIDER ORDER DENYING MOTION FOR ABSTENTION AND STAY**<br><br>(Doc. No. 114) |

Defendants Mariposa County, Mariposa County Sheriff's Office, Sheriff Deputy William Atkinson and Sheriff Deputy Wesley Smith (together, the "County Defendants") seek reconsideration of the Court's August 23, 2021 order denying their motion for abstention and stay. See Doc. Nos. 47, 112 and 114. For the reasons set forth below, the motion will be denied.

**BACKGROUND**

The allegations in this case have been set forth in some detail in other orders, see, e.g., Doc. Nos. 42 and 44, but to summarize, Cox alleges that on November 13, 2015, Defendant Ashley Harris falsely accused him of rape after he asked her to vacate property he owned in Mariposa County (the "Property") to make room for agritourism clients. Mariposa County (the "County") charged Cox with 16 felonies (plus enhancements) that could have put him away for

life but ultimately dismissed all charges against him when it came to light that Harris had testified in deposition for another case that she had never been sexually assaulted. Cox contends that there was no probable cause to arrest him because Harris's accusation was so obviously false at the time it was made and that County personnel—including, specifically Atkinson and Smith—conspired with Harris to withhold, suppress and destroy exculpatory evidence that should have been preserved and made available to him earlier in the proceedings. Cox further alleges that the County took improper punitive action against him involving the putative enforcement of health, safety and building codes on the Property that culminated in a corrupt and abusive court-ordered receivership (the "Receivership") and the needless sale of the Property at a price well-below market value.

Cox filed this action on August 12, 2019 against Harris, Mariposa County, the Mariposa County Sheriff's Office, Atkinson and Smith (together with Atkinson, the "Deputy Defendants"), as well as the California Receivership Group ("CRG") and its owner, Mark Adams (together with CRG, the "Receiver"). Doc. No. 1. On September 13, 2019, the Receiver brought a motion to dismiss and a special anti-SLAPP motion to strike pursuant to Section 425.16 of the California Code of Civil Procedure, Doc. No. 6, and on October 25, 2019, the County Defendants brought an anti-SLAPP motion to strike of their own. Doc. No. 14.

On April 7, 2020, the Court issued an order dismissing all claims against the Receiver for lack of subject matter jurisdiction under the *Barton* doctrine, without prejudice to Cox's bringing claims against the Receiver in state court. Doc. No. 42. On May 1, 2020, the Court denied the County Defendants' anti-SLAPP motion on a finding that the County Defendants failed to show that the conduct underlying Cox's claims against them was protected activity under California's anti-SLAPP statute. Doc. No. 44.

On May 15, 2020, the County Defendants filed a motion to dismiss, as well as a motion for abstention and stay. Doc. Nos. 45 and 47. Harris filed a motion to dismiss and a motion to stay on May 26, 2020. Doc. Nos. 52 and 53. Various stipulated briefing extensions and hearing continuances were granted by the Court due to extenuating circumstances that have no bearing on the instant motion. See Doc. Nos. 56-67.

On August 23, 2021, the Court issued an order denying the County Defendants' motion for abstention and stay, Doc. No. 112, and on August 24, 2021, the Court denied Harris's motion to stay. Doc. No. 113. The County Defendants now seek reconsideration of the Court's order denying their motion for abstention and stay. Doc. No. 114.

## **LEGAL FRAMEWORK**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party can obtain relief from judgment or an order on various grounds. Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); see also, Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Local Rule 230(j) of the District Court for the Eastern District of California, similarly, requires that a party seeking reconsideration set forth, *inter alia*, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion." E.D. Cal. Local Rule 230(j). As a general matter, a motion for reconsideration "should not be used to ask the court to rethink what the court ha[s] already thought through— rightly or wrongly." U.S. v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (internal quotation marks and citation omitted).

## **DISCUSSION**

The County Defendants argued in their motion for abstention and stay that the Court should stay and abstain from exercising jurisdiction over Cox's claims against them in deference to Mariposa Superior Court action that arose from the County's October 14, 2016 inspection of the Property for health, safety and building code violations and resulted in the Receivership (the "Receivership Action"). See Doc. No. 47. The County Defendants contended that the Court should abstain from exercising jurisdiction under the *Younger* doctrine because adjudicating Cox's claims against them in this forum would frustrate California's interest in remediating the Property, id., Part III, and that a stay was warranted under the *Colorado River* doctrine to conserve judicial resources and avoid inconsistent judgments as to claims involving the Property. Id., Part IV.

3

1    In deciding the County Defendants' motion for abstention and stay, the Court noted that
2 the California Supreme Court docket showed Cox's appeals of Mariposa Superior Court orders
3 barring him from bringing claims against the Receiver had been exhausted and that records filed
4 by the parties in this action showed that the hearing on the discharge of the Receiver was supposed
5 to take place in January 2021 (several months before the County Defendants' motion for
6 abstention and stay was decided). Doc. No. 112 at 2:10-15.[1] Further, the Court noted that the
7 County Defendants failed to show what "non-receivership causes of action" they supposedly had
8 to litigate against Cox's company, JDC Land Company, LLC, in the Receivership Action or how
9 such claims supposedly overlapped with this case. Id. at 2:20-3:3. Together, these facts led the
10 Court to conclude that the County Defendants had not demonstrated that the Receivership Action
11 was still pending or that the Receivership Action involved the same matter as this case.
12 Specifically, the Court stated: "The County Defendants have not satisfied the Court that there is a
13 'concurrent state court proceeding involving the same matter' as this case, [], and the Court will
14 deny the motion on those grounds." Id. at 3:11-12.

15    The fact that the Receiver discharge hearing was continued from January 2021 to
16 November 2021 shows, of course, that the Receivership Action is still pending. See Doc. No. 15
17 (and exhibits thereto).[2]  The Court, however, has already dismissed the Receiver from this case
18 and found, under the *Barton* Doctrine, that it does not have subject matter jurisdiction over claims
19 against them arising from the Receivership. See Doc. No. 42. The County Defendants have not
20 shown—and it is difficult to imagine—that there is any overlap of consequence between this case,
21 as it is now configured, and whatever remains of the Receivership Action. From what the Court

---

[1] Unless otherwise indicated, page citations to documents filed electronically with the Court are to the page number in the CM/ECF stamp at the top of each page.

[2] The Court grants the County Defendants' request for judicial notice as to Mariposa Superior Court records (Doc. Nos. 115 and 115-1 through 115-4) showing the Receiver discharge hearing was continued to November 2021 and the memorandum the County Defendants filed in connection with that hearing (Doc. No. 119). See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (stating that federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

3 Unless otherwise indicated, page citations to documents filed electronically with the Court are to the page number in the CM/ECF stamp at the top of each page.

can tell, the Receiver discharge hearing as to do primarily with settling the Receiver's bill. See, e.g., Doc. No. 119 (Mariposa County's Response to the Receiver's Supplement to Final Report and Accounting, as filed in the Receivership Action, challenging the Receiver's fee request).

The Court's view therefore remains that the County Defendants have failed to meet their burden[3] to show the existence of concurrent state court proceedings that involve the same matter as this case (or matter that is meaningfully related to the claims in this case), as required at the threshold for application of either the *Younger* doctrine or the *Colorado River* doctrine. See Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (stating that under the *Colorado River* doctrine, "considerations of wise judicial administration … may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter"); Love v. Clarke, 2012 WL 2190620, at *1 (E.D. Wis. June 14, 2012) (stating that "the *Younger* abstention doctrine applies when … there are ongoing state proceedings, judicial in nature, involving the same or related matters to the federal proceeding" (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

**ORDER**

Accordingly, IT IS HEREBY ORDERED, that:

1. The County Defendants' motion for reconsideration (Doc. No. 114) is DENIED; and
2. The hearing on the County Defendants' motion for reconsideration set for October 18, 2021 is VACATED.

IT IS SO ORDERED.

Dated:   October 13, 2021                          _____
                                                   SENIOR DISTRICT JUDGE

---

[3] See Ally Bank v. Castle, 2012 WL 3627631, at *3, (N.D. Cal. Aug. 20, 2012) ("[T]he party moving for a stay under *Colorado River* bears a heavy burden in justifying such an order." (citations and internal quotation marks omitted)); cf. Tankersley v. Arcand, 2016 WL 8730740, at *6 (E.D. Cal. May 27, 2016) (finding defendants had met their burden to show matter should be stayed under the *Younger* doctrine); Westmarc Commc'ns, Inc. v. Connecticut Dep't of Pub. Util. Control, 807 F. Supp. 876, 882 (D. Conn. 1990) ("The burden on defendants to justify abstention under the *Younger* doctrine has not been met.").