# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COX, an Individual,<br><br>              Plaintiff,<br>    v.<br><br>MARIPOSA COUNTY; MARIPOSA COUNTY SHERIFF'S OFFICE; SHERIFF DEPUTY WILLIAM ATKINSON; SHERIFF DEPUTY WESLEY SMITH; ASHLEY HARRIS; CALIFORNIA RECEIVERSHIP GROUP ("CRG"); MARK ADAMS IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND DOES 1 THROUGH 100, INCLUSIVE.<br><br>              Defendants. | CASE NO. 1:19-CV-01105-AWI-BAM<br><br>**ORDER CORRECTING *NUNC PRO TUNC* OCTOBER 26, 2021 ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 123) |

On October 26, 2021, the Court issued an order (Doc. No. 123) granting in part and denying in part the motion to dismiss (Doc. No. 45) brought by Mariposa County, the Mariposa County Sheriff's Office, Sheriff Deputy William Atkinson and Sheriff Deputy Wesley Smith (together, the "County Defendants"). In that order, the Court found that, as a subdivision of Mariposa County, the Mariposa County Sheriff's Office was not a proper defendant on the claims alleged by Plaintiff Jerry Cox under 42 U.S.C. § 1983. Doc. No. 123 at 12:25-13:20. Consequently, the Court stated that it would dismiss Cox's Section 1983 claims with prejudice as

to the Mariposa County Sheriff's Office, "leaving Mariposa County as the sole municipal defendant on each such claim." Id. at 13:18-20. Further, the Court found that Cox's state law claims were barred as to the County Defendants because Cox had not complied with—and could no longer comply with—the California Government Claims Act. Id. at 46:18-47:6. Thus, the Court found that all of Cox's claims against the Mariposa County Sheriff's Office—including Cox's claims under Section 1983 and Cox's claims under state law—must be dismissed with prejudice.

Part 1 of the operative portion of the order, however, erroneously states: "All claims are DISMISSED WITH PREJUDICE as to Mariposa County and Mariposa County is hereby TERMINATED as a defendant in this case." Doc. No. 123 at 47:25-26. A similar misstatement appears in the conclusion to the order, which states that "all claims will be dismissed with prejudice as to Mariposa County." Id. at 47:8. Consistent with the analysis and express findings in the body of the order, "Mariposa County" should be replaced in each instance with "the Mariposa County Sheriff's Office."

The Court issues this order *sua sponte* to correct the foregoing clerical errors *nunc pro tunc* and to clarify that Mariposa County remains a defendant in this action. See Fed. R. Civ. Pro. 60(a).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Court's October 26, 2021 order (Doc. No. 123) on the motion to dismiss brought by the County Defendants is corrected *nunc pro tunc* as follows:

1. At page 47, line 8, "Mariposa County" is replaced with "the Mariposa County Sheriff's Office," such that, as corrected, this portion of the order now reads, "In summary, all claims will be dismissed with prejudice as to the Mariposa County Sheriff's Office";

2. At page 47, lines 25 through 26, "Mariposa County" is replaced with "the Mariposa County Sheriff's Office" both times it appears, such that, as corrected, this portion of the order now reads: "All claims are DISMISSED WITH PREJUDICE as to the Mariposa County Sheriff's Office and the Mariposa County Sheriff's Office is hereby TERMINATED as a defendant in this case";

3. For avoidance of doubt, Mariposa County remains a defendant in this action, consistent with the Court's October 26, 2021 order (Doc. No. 123), as corrected here;
4. The Clerk of Court is directed to correct the docket to show that the Mariposa County Sheriff's Office has been terminated as a defendant and that Mariposa County remains a defendant in this action; and
5. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: November 9, 2021

SENIOR DISTRICT JUDGE