JENNER & BLOCK LLP
AnnaMarie A. Van Hoesen (SBN 282074)
Madeline P. Skitzki (SBN 318233)
Jenna L. Conwisar (SBN 341521)
Edward Crouse (SBN 342790)
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:	+1 213 239 5100
Facsimile:	+1 213 239 5199
Email:	AVanHoesen@jenner.com
:	MSkitzki@jenner.com
:	JConwisar@jenner.com
:	ECrouse@jenner.com

Attorneys for Defendant
ASHLEY HARRIS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| JERRY COX, an individual; and JDC LAND COMPANY, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MARIPOSA COUNTY; SHERIFF DEPUTY WILLIAM ATKINSON; SHERIFF DEPUTY WESLEY SMITH; ASHLEY HARRIS; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:19-cv-01105-AWI-BAM<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT ASHLEY HARRIS'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: March 7, 2022<br>Hearing Time: 1:30 p.m.<br>Courtroom: 2 |

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT .....................................................................................................................2

        A.    **Harris May Move to Dismiss Based on Res Judicata Now.** ...................2

        B.    **All The Elements of Res Judicata Are Met.** ............................................3

                i.    **The FAC is based on the same "primary right" that Cox sought to protect in the State Court Action.** ................................3

                ii.    **The State Court Action resulted in a final judgment on the merits.** .........................................................................................5

                iii.    **Cox was a party to the State Court Action, and JDC is in privity with Cox.** ..........................................................................8

III.    CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Agarwal v. Johnson*,
  25 Cal. 3d 932 (1979) ................................................................................................................4

*Bridge Aina Le'a, LLC v. Land Use Comm'n*,
  950 F.3d 610 (9th Cir. 2020) ..................................................................................................7, 8

*Bucur v. Ahmad*,
  244 Cal. App. 4th 175 (2016) .................................................................................................3, 4

*Byrd v. Razo*,
  No. 20-814, 2020 WL 5502361 (E.D. Cal. Sept. 11, 2020) .....................................................10

*Castro v. Higaki*,
  31 Cal. App. 4th 350 (1994) .......................................................................................................3

*Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*,
  196 F.3d 1011 (9th Cir. 1999) ....................................................................................................6

*Finander v. Eskanos & Adler*,
  255 F. App'x 192 (9th Cir. 2007) ...............................................................................................6

*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*,
  85 Cal. App. 4th 1168 (2000) .....................................................................................................2

*Friends of Gualala River v. Gualala Redwood Timber, LLC*,
  No. 20-CV-06453-JD, --- F. Supp. 3d ----, 2021 WL 3373618 (N.D. Cal. Aug. 3, 2021) ...............................................................................................................................9

*Haynes v. Hanson*,
  No. 11-5021, 2013 WL 1390387 (N.D. Cal. Apr. 4, 2013) ........................................................6

*Johnson v. Am. Airlines, Inc.*,
  157 Cal. App. 3d 427 (1984) ......................................................................................................3

*Kremer v. Chem. Const. Corp.*,
  456 U.S. 461 (1982) ....................................................................................................................8

*Muhammad v. Dir. of Corr.*,
  No. 07-0375, 2007 WL 2438293 (E.D. Cal. Aug. 23, 2007) ......................................................9

*Mycogen Corp. v. Monsanto Co.*,
  28 Cal. 4th 888 (2002) ................................................................................................................3

*Parducci v. Overland Sols., Inc.*,
  No. 18-7162, 2020 WL 4193368 (N.D. Cal. July 21, 2020) ......................................................6

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
  133 Cal. App. 4th 658 (2005) ....................................................................................................7

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ................................................................................................2, 3

*Taylor v. Sturgel*,
  553 U.S. 880 (2008) ..................................................................................................................9

*Trujillo v. County of Santa Clara*,
  775 F.2d 1359 (9th Cir. 1985) ..................................................................................................3

*Turnbow v. Pac. Mut. Life Ins. Co.*,
  934 F.2d 1100 (9th Cir. 1991) ..............................................................................................7, 8

*Wawrzynski v. Hibshman*,
  No. 10-2347, 2011 WL 1004822 (S.D. Cal. Mar. 18, 2011) ....................................................2

**Federal Rules**

Federal Rule of Civil Procedure 12 ..................................................................................................2

Federal Rule of Evidence 201 ..........................................................................................................7

**Other Authorities**

California Rule of Court 8.1115 ......................................................................................................6

## I.  INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC") asserts causes of action premised on the allegation that Defendant Ashley Harris initiated a supposedly baseless criminal investigation and prosecution of Plaintiff Jerry Cox by falsely reporting to the police that Cox had raped her.  In August 2018, Cox asserted causes of action against Harris premised on this identical allegation in a lawsuit in Mariposa County Superior Court (the "State Court Action").  The trial court granted Harris's anti-SLAPP motion on March 11, 2019.  On September 30, 2021, over two years after Cox initiated this action in federal court (August 12, 2019) and over one year after Harris had filed her first motion to dismiss (May 26, 2020), the Court of Appeal affirmed the trial court's ruling in the State Court Action.  Thus, the doctrine of res judicata now bars this federal action based on Cox's assertion of the same primary right in both cases: to be free from allegedly unfounded charges of criminal conduct.

To the extent Plaintiffs argue that the allegations in the FAC regarding an alleged code enforcement and receivership action are not barred by res judicata, these allegations have nothing to do with Harris, and, in any event, relate to the same "primary right" of freedom from allegedly unfounded charges of criminal conduct.  As such, they are barred by res judicata.

Further, given that Cox alleges he is the sole owner and managing member of Plaintiff JDC Land Company, LLC ("JDC")—an entity named using Cox's initials—and "Plaintiff JDC was the titular owner and Cox was the ultimate beneficiary in interest of Bison Creek Ranch in Mariposa County and the Properties subject to the receivership action," there can be no question that Plaintiffs share a community of interest and, thus, stand in privity.  FAC ¶¶ 38–39.

Plaintiffs' Opposition (ECF No. 147) demonstrates a clear lack of understanding of the law and fails to effectively address the res judicata elements as set forth in Harris's Motion.[1]  At bottom, Plaintiffs are unhappy with the outcome in the State Court Action.  But they cannot relitigate that case here.  Accordingly, Harris respectfully requests the Court grant her Motion in its entirety and dismiss the claims against her with prejudice and without further leave to amend.

---

[1] "Motion" and "Mot." refer to the Memorandum of Points and Authorities in Support of Defendants Ashley Harris's Motion to Dismiss First Amended Complaint. ECF No. 133.

## II. ARGUMENT

Plaintiffs do not dispute that courts regularly dismiss claims with prejudice on res judicata grounds at the motion to dismiss stage. Mot. at 5 (citing cases). Plaintiffs fail to show why the Court should not do so here.

### A. Harris May Move to Dismiss Based on Res Judicata Now.

As explained in her Motion, Harris may raise the res judicata argument in a motion to dismiss the FAC, despite not raising it in her motion to dismiss the original complaint, because the State Court Action was not yet final at the time she filed her motion to dismiss the original complaint. *See* Mot. at 1 n.1. Under Federal Rule of Civil Procedure 12, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party but omitted from its earlier motion*." Fed. R. Civ. P. 12(g)(2) (emphasis added). "Federal courts look to state law to determine the preclusive effect of a state court judgment." *Wawrzynski v. Byron Hibshman*, No. 10-2347, 2011 WL 1004822, at *2 (S.D. Cal. Mar. 18, 2011). Because the dismissal of the State Court Action was still on appeal when Harris filed her prior motion to dismiss the original complaint, under California law, the State Court Action was not yet final. *See generally* Mot. at 9; *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000) ("[I]n California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired."). Thus, the res judicata argument was not available at that time.

Plaintiffs misunderstand the law. *Sosa v. DIRECTV, Inc.*, cited by Plaintiffs (Opp'n at 2), states that "[i]n federal courts, *a district court judgment* is 'final' for purposes of res judicata." 437 F.3d 923, 928 (9th Cir. 2006) (emphasis added). But the judgment at issue here is from a California state court, not a federal district court. Critically, *Sosa* makes clear that "California and federal law differ . . . with respect to when a judgment rendered by a trial court becomes a 'final judgment' for res judicata purposes." *Id.* "Under California law, . . . a judgment is not final for

purposes of res judicata during the pendency of and until the resolution of an appeal." *Id.* (citation and internal alterations omitted).

Accordingly, because the res judicata argument was only available for the instant motion to dismiss, Harris is permitted to raise it now.

### B. All The Elements of Res Judicata Are Met.

Under the doctrine of res judicata, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002). "In California, res judicata precludes a plaintiff from litigating a claim if: [1] the claim relates to the same 'primary right' as a claim in a prior action, [2] the prior judgment was final and on the merits, and [3] the plaintiff was a party or in privity with a party to the prior action." *Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985) (state proceeding precluded plaintiff from pursuing § 1983 claims); *accord Bucur v. Ahmad*, 244 Cal. App. 4th 175, 185 (2016). Plaintiffs do not present any legitimate opposition to applying these elements here.

#### i. The FAC is based on the same "primary right" that Cox sought to protect in the State Court Action.

California law follows the "primary rights" theory, which looks to the "harm suffered," regardless of the legal theories alleged, to determine the scope of a party's action. *Castro v. Higaki*, 31 Cal. App. 4th 350, 357 (1994). For a claim to be barred, the claims in the two actions need not be identical; they must only seek to protect the same "primary right." *Johnson v. Am. Airlines, Inc.*, 157 Cal. App. 3d 427, 432 (1984).

Plaintiffs seek to protect the same primary right in this action that Cox sought to protect in the State Court Action: the right to be free from allegedly unfounded charges of criminal conduct. Plaintiffs' attempt to draw a distinction between the alleged primary right at issue in the State Court Action (Cox's "liberty interest in remaining out of incarceration, and his property interest in his reputation free of the libel of being a sex criminal"), and the alleged primary right at issue here (Cox's "very basic right of access to the court system for a redress of grievances") is unavailing.

Opp'n at 15. So too is their argument that the same primary right is not at issue because "[t]he state court proceeding involved only one claim for malicious prosecution, and did not include any of the allegations in the FAC in this case about Harris' acts against Mr. Cox outside of the original false accusations against Mr. Cox made to police and prosecutors." Opp'n at 7. As set forth in the Motion, and not disputed by Plaintiffs, res judicata bars not only claims that were raised, but also claims that "*could* have been raised" in the prior suit. Mot. at 7 (citing *Sutphin v. Speik*, 15 Cal. 2d 195, 202 (1940)); *see also Bucur*, 244 Cal. App. 4th at 185 ("If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."). Although Plaintiffs argue that the FAC contains allegations beyond those at issue in the State Court Action, they do not effectively argue that these new allegations could not have been raised in the State Court Action. Indeed, Plaintiffs do not dispute that they knew of the code enforcement/receivership proceeding before the State Court Action was even filed. *See* Mot. at 8 n.4.

Plaintiffs purport to rely on *Agarwal v. Johnson*, 25 Cal. 3d 932 (1979), which is inapposite and inconsistent with other primary rights case law.[2] Opp'n at 19. There, the court found that state causes of action were not precluded by a final judgment in a federal Title VII case because the state causes of action were broader and provided for distinct damages. *Id.* at 955. As an initial matter, the court there was looking at the preclusive effect of a federal court judgment, which is distinct from the circumstances here. Moreover, if anything, that case stands for the proposition that state claims encompass more than related federal claims, which does not help Plaintiffs.

In any event, *Clark v. Yosemite Community College District* is more recent and analogous to this case. 785 F.2d 781 (9th Cir. 1986). There, the plaintiff had filed a petition for writ of mandate in a California trial court alleging various offenses against a college where he had previously taught. *Id.* at 783–84. His initial petition focused narrowly on having derogatory material removed from his personnel files, but the motion he filed in that case asked for broader

---

[2] Notably, although Plaintiffs purport to quote from *Agarwal*, the quotation in their brief does not actually appear in the case.

relief. *Id.* at 785. Although the state court's judgment was limited to narrow issue of removing the derogatory material, the Ninth Circuit nonetheless found that the plaintiff's federal section 1983 suit was barred because "[t]he allegations made before the state court substantially overlap[ped]" with those in the section 1983 suit. *Id. at* 786. In so holding, the court reasoned that "the doctrine of res judicata applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action." *Id.*

Here, the allegations in the FAC could also have been litigated in the State Court Action. Ultimately, Plaintiffs are attempting to relitigate Cox's "right to be free" from allegedly unfounded criminal charges, which in both cases arose from Harris's supposedly false claim of rape. Even the code enforcement and receivership allegations at bottom stem from the alleged violation of that same primary right. FAC ¶ 8 (alleging that the County "engineered a code enforcement action, in part based on the same defective search warrant and [Harris's] false allegations from the criminal case").

Plaintiffs' focus in their Opposition on challenging both Harris's allegations of rape and the outcome of the State Court Action makes clear that this suit is simply an attempt to relitigate the claims Cox already lost against Harris. This cannot be permitted.

### ii.   The State Court Action resulted in a final judgment on the merits.

Plaintiffs concede that the granting of an anti-SLAPP motion can constitute a judgment on the merits for res judicata purposes. Opp'n at 13 ("A judgment in an anti-slapp proceeding can be a basis for asserting res judicata in subsequent proceedings."). But Plaintiffs argue the order on the anti-SLAPP motion in the State Court Action did not constitute a final judgment on the merits because (1) the Court of Appeal's decision was unpublished; (2) this particular anti-SLAPP order was not on the merits; and (3) Cox was not given a full and fair opportunity to litigate his claims in the State Court Action. Opp'n at 4–6, 16–18. These arguments are unavailing.

First, it is irrelevant whether the Court of Appeal's order is published or unpublished for purposes of res judicata. Plaintiff seems to be relying on California Rule of Court 8.1115, which prohibits citation of or reliance on unpublished California state-court opinions in California courts,

except in certain circumstances. *See* Cal. R. Ct. 8.1115(a). Again, Plaintiffs misunderstand the law. Most importantly, California's Rules of Court do not bind this Court. *See, e.g.*, *Parducci v. Overland Sols., Inc.*, No. 18-7162, 2020 WL 4193368, at *5 (N.D. Cal. July 21, 2020) ("California's Rules of Court are not binding on this federal court."). In any event, Rule 8.1115 expressly provides that "an unpublished opinion may be cited or relied on . . . [w]hen the opinion is relevant under the doctrines of law of the case, **res judicata**, or collateral estoppel." Cal. R. Ct. 8.1115(b)(1) (emphasis added).

Second, Plaintiffs cite no authority for their contention that anti-SLAPP judgments only constitute judgments on the merits in certain circumstances, and Harris is not aware of any such authority. Indeed, Harris cited authority to the contrary in her Motion. *See* Mot. at 8 (citing cases); *accord Finander v. Eskanos & Adler*, 255 F. App'x 192 (9th Cir. 2007) (finding that dismissal in anti-SLAPP action was judgment "on the merits"). Moreover, an anti-SLAPP judgment must necessarily be on the merits because it "involves 'consideration of the substantive merits of the plaintiff's complaint.'" *Haynes v. Hanson*, No. 11-5021, 2013 WL 1390387, at *4 (N.D. Cal. Apr. 4, 2013), *aff'd*, 695 F. App'x 317 (9th Cir. 2017) (quoting *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004)).

Third, the final judgment in the State Court Action need only "meet the minimal requirements of due process" to be "accorded preclusive effect." *See Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1018 (9th Cir. 1999). There is no question that the State Court Action met those minimal due process requirements.

Plaintiffs seem to argue Cox was not given a full and fair opportunity to litigate because (1) Harris allegedly committed "fraud on the trial court"; (2) Cox was "never afforded an evidentiary hearing"; (3) the trial court "inaccurately construed" a motion Cox filed; and (4) the trial and appellate courts allegedly disregarded Cox's evidence. Opp'n at 5, 13–14, 18.[3]

---

[3] Plaintiffs also argue: "Further affecting Mr. Cox's due process rights in the state court proceeding, when Mr. Cox's attorney was murdered, the State of California seized all of his files, and Mr. Cox has still not been able to recover the files from the State of California action as they were being held as evidence in the murder investigation of his attorney." Opp'n at 6. It is not clear how this has anything to do with the fairness of the State Court Action.

As to the first argument, Plaintiffs have not presented any evidence showing Harris committed any "fraud" in the State Court Action. Instead, Plaintiffs argue that a judge in a separate proceeding found that Harris's testimony in that particular case was not credible. Opp'n at 4.[4] That sheds no light on the legitimacy of the State Court Action. Plaintiffs' inflammatory, unsupported accusations should be ignored.

As to their second argument, California courts can rule on anti-SLAPP motions without holding an evidentiary hearing, so the lack of an evidentiary hearing cannot demonstrate unfairness. *See, e.g.*, *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 681 (2005). Tellingly, Plaintiffs cite no support for the contention that the minimal requirements of due process require a hearing in every circumstance.

Finally, as to the third and fourth arguments, to the extent Plaintiffs claim the state courts made errors, Cox had a "full and fair opportunity" to raise those challenges before the trial and appellate courts and could have further appealed if he had so desired. *See Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 639 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 731 (2021) (finding that the plaintiff had a full and fair opportunity when it "raised, briefed, and argued [the issue]" in several legal proceedings). Critically, "[f]ederal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." *Turnbow v. Pac. Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir. 1991) (citation and emphasis omitted). Even if this Court were to disagree with the reasoning or conclusions in the State Court Action, it must nonetheless give "full faith and credit" to that judgment. *Id.*

Furthermore, the record contradicts Plaintiffs' argument. The Court of Appeal conducted a *de novo* review of the trial court's grant of the anti-SLAPP motion, where it "accept[ed] as true the evidence favorable to [Cox] and evaluate[d] [Harris's] evidence only to determine if it ha[d] defeated that submitted by [Cox] as a matter of law." RJN, Ex. B at 9 (citing *Flatley v. Mauro*, 39 Cal. 4th 299, 326 (2006)); *see id.* at 16 (reviewing and accepting as true certain facts from Cox's

---

[4] Without any support, Plaintiffs ask that "this Court take judicial notice of the trial and the Commissioner's conclusion that Ms. Harris lied, and, that she continues to lie." Opp'n at 10. This is not the proper subject of judicial notice. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . .").

evidence submitted in opposition to the anti-SLAPP motion). The Court of Appeal even took issue with one of the trial court's conclusions and decided to "construe the ambiguity in Cox's favor." *Id.* at 15. Even so, the Court of Appeal still independently found that Cox failed to "substantiate the minimal merit of" his case. *Id.* at 21. Plaintiffs do not and cannot challenge the legitimacy of this appellate process.

Significantly, a party's failure to assert arguments in the state court "does not undermine the judgment's fairness." *Bridge Aina Le'a*, 950 F.3d at 639; *see also Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 485 (1982) (a party's "fail[ure] to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy"). As described above, Cox simply failed to establish his prima facie case and advance his challenges to the trial court's conclusions in the appellate proceeding. In its *de novo* review, the Court of Appeal found—for instance—that Cox did not present in his argument "any legal or factual analysis of whether the trial court's evidentiary ruling excluding the YouTube video constituted error." RJN, Ex. B at 20. As a result, the court held that Cox "not only forfeited such arguments" but also "failed to meet his fundamental burden as the appellant of demonstrating error." *Id.* at 21.

Again, Plaintiffs' arguments make clear that they are trying to use this proceeding to challenge the outcome in the State Court Action. Yet Plaintiffs ultimately put forth no serious challenge to the fairness of the State Court Action, leaving no question that minimal due process was satisfied.

### iii. Cox was a party to the State Court Action, and JDC is in privity with Cox.

Plaintiffs do not—and cannot—dispute that Cox was a plaintiff in the State Court Action and is a plaintiff in this litigation and is therefore barred from relitigating the same cause of action. Plaintiffs only argue that res judicata cannot be extended to JDC because it was not in privity with Cox. Opp'n at 19–20. This argument lacks merit.

As set forth in the Motion, res judicata is properly asserted against a party to the prior action *or against someone in privity with a party to the prior action*. Mot. at 9 (citing cases). "California

8
REPLY IN SUPPORT OF DEFENDANT ASHLEY HARRIS'S MOTION TO DISMISS
Case No. 1:19-cv-01105-AWI-BAM

courts will enforce preclusion against a party that shares 'an identity or community of interest' with a party in the prior action." *Friends of Gualala River v. Gualala Redwood Timber, LLC*, No. 20-CV-06453-JD, --- F. Supp. 3d ----, 2021 WL 3373618, at *8 (N.D. Cal. Aug. 3, 2021) (quoting *Atwell v. City of Rohnert Park*, 27 Cal. App. 5th 692, 703 (2018)).

Here, Cox is the sole owner and sole managing member of JDC. FAC ¶ 38. And, according to the FAC, "Plaintiff JDC was the titular owner and Cox was the ultimate beneficiary in interest of Bison Creek Ranch in Mariposa County and the Properties subject to the receivership action." *Id.* ¶ 39. As such, Cox and JDC share a community of interest, and JDC is precluded from litigating its claims in this action against Harris.[5]

Plaintiffs' reliance on *Taylor v. Sturgel*, 553 U.S. 880 (2008), is misplaced. The holding in that case is limited to "[t]he preclusive effects of a judgment in a federal-question case decided by a federal court," which is not the situation here, where the Court is considering the preclusive effect of a judgment in a state-court case. *Id.* at 904; *see Friends of Gualala River*, 2021 WL 3373618, at *8 (rejecting plaintiffs' argument that *Taylor* "displaced the California test for privity," given the limitations explicitly stated in *Taylor*).

Finally, JDC's presence is this case should not affect the dismissal of the claims against Harris. Although the FAC is not a model of clarity, JDC is only properly a plaintiff as to allegations related to the code enforcement and receivership action. The County's Motion to Dismiss makes clear that those claims have nothing to do with Harris, as "[t]he County began its investigation of the code violations on the Subject Property in 2008 after receiving complaints about unlawful activity that was occurring on the Subject Property." *See* ECF No. 136 at 4. Thus, the County began its investigation long before Harris made any allegations against Cox in 2015. As such, even if JDC's claims were not barred by res judicata, there would be no claims remaining against Harris once Cox's claims against Harris are dismissed. *See, e.g.*, *Muhammad v. Dir. of Corr.*, No. 07-0375, 2007 WL 2438293, at *1 (E.D. Cal. Aug. 23, 2007) (dismissing section 1983

---

[5] Plaintiffs assert that Cox and JDC were not in privity because "the court receiver was in control of JDC under the orders of the receivership court," but they provide no support for that claim in the FAC. Opp'n at 19. Nor do they explain how that is relevant to the privity analysis.

claims because allegations did not "sufficiently link defendant . . . to plaintiff's failure to receive a clean mattress"); *Byrd v. Razo*, No. 20-814, 2020 WL 5502361, at *2 (E.D. Cal. Sept. 11, 2020), *report and recommendation adopted*, 2020 WL 5891454 (E.D. Cal. Oct. 5, 2020) (recommending dismissal of section 1983 claims because plaintiff "fail[ed] to adequately link Defendants . . . to the allegations in his complaint," as plaintiff "fail[ed] to state what each of these defendants did or did not do that resulted in a deprivation of his rights").

In sum, both Cox and JDC should be barred from bringing their claims under the doctrine of res judicata, as Cox was a party to the State Court Action, and Cox and JDC are in privity. But even if JDC is found not to be in privity with Cox, its claims should nonetheless be dismissed because any allegations on its behalf do not relate to any conduct by Harris.

## III. CONCLUSION

For the reasons set forth in the Motion and this Reply, Defendant Ashley Harris respectfully requests that this Court grant her Motion and dismiss the claims against her with prejudice and without leave to amend.

Dated: February 28, 2022                                    JENNER & BLOCK LLP

By: */s/ AnnaMarie A. Van Hoesen*
AnnaMarie A. Van Hoesen
Madeline P. Skitzki
Jenna L. Conwisar
Edward Crouse

Attorneys for Defendant
ASHLEY HARRIS