IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COX, *et al.*,<br><br>     Plaintiffs,<br>v.<br><br>MARIPOSA COUNTY, *et al.*,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 19-1105<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

After reviewing the parties' motions for summary judgment, the court has determined that supplemental briefing will aid in its resolution of the issues presented in them. Harris's motion for summary judgment presents the question when the plaintiffs' claims based on the receivership proceedings accrued. (*See* Docket Entry No. 215 at 10). This raises the question whether such claims accrued at all, because the state-court proceedings did not terminate in the plaintiffs' favor. *See Heck v. Humphrey*, 512 U.S. 477, 484–90 (1994). The parties must submit by January 23, 2026, a brief of no more than 12 pages addressing the following issues, broadly concerning whether *Heck* bars the plaintiffs' claims arising out of the receivership proceedings:

> First, whether *Heck* applies to prior civil suits. *See, e.g.*, *Hall v. Porfert*, 2023 WL 6274833, at *1 (11th Cir. Sept. 26, 2023) (per curiam); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005); *Thomas v. Eschen*, 928 F.3d 709, 711 (8th Cir. 2019).

> Second, whether the plaintiffs' claims "necessarily imply the invalidity" of the state-court orders that led to Cox's eviction and the sale of the property. *Heck*, 512 U.S. at 487.

> Third, if some parts of the plaintiffs' claims do not imply the invalidity of the state-court orders in the receivership proceedings, whether the statute of limitations bars those parts of their claims.

    Fourth, if some parts of the plaintiffs' claims do not imply the invalidity of the state-court orders in the receivership proceedings, whether the plaintiffs suffered damages. *See Heck*, 512 U.S. at 486 n.5 (explaining, for example, that expenses incurred by the plaintiff in defending against crimes charged are not compensable in a suit for abuse of process). In other words, if *Heck* bars the plaintiffs' claims for damages that flow from the court orders confirming the receivership and the sale of the property, what other damages did they suffer?

Harris and the County Defendants must coordinate and, to the extent practicable, file a single brief of no more than 12 pages.

    SIGNED on December 30, 2025, at Houston, Texas.

                                                  Lee H. Rosenthal
                                   Senior United States District Judge